IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ERNEST EUGENE PICKETT, #256410 ) )<br>    Petitioner, )<br>) C.A. No.: 4:09-cv-01481-PMD<br>  v. )<br>)<br>WARDEN, CORRECTIONAL ) **ORDER**<br>INSTITUTION, )<br>)<br>    Respondent. )<br>_____ ) | |

This matter is before the court on Petitioner Ernest Eugene Pickett's ("Petitioner") *pro se* application for writ of habeas corpus filed in this court pursuant to 28 U.S.C. § 2254 on June 10, 2009.[1] On July 27, 2009, Respondent filed a return and motion for summary judgment. Petitioner filed a response in opposition to Respondent's motion for summary judgment on August 26, 2009 and on September 21, 2009. On January 14, 2010, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, the Magistrate Judge entered a Report and Recommendation ("R&R") recommending that Respondent's motion for summary judgment be granted and Petitioner's habeas corpus petition be dismissed. Petitioner filed an Objection to the R&R on February 2, 2010. Having reviewed the entire record, including Petitioner's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

Petitioner is currently confined at the Manning Correctional Institution of the South Carolina Department of Corrections ("SCDC"). Petitioner was arrested on November 12, 2004,

---
[1] Filing date per *Houston v. Lack*, 487 U.S. 266, 270-76 (1988).

and charged with trafficking crack cocaine, 5th offense, wherein it was alleged that he trafficked in approximately 500 grams of crack while in Rock Hill, South Carolina. Petitioner was indicted on April 14, 2005 in York County for one count of trafficking crack cocaine, 400 or more grams, 2nd offense. (2005-GS-46-1553). Petitioner was represented by Gary C. Lemel, Esquire, and on March 8, 2006 pled guilty to the lesser offense of trafficking crack cocaine, 28-100 grams, 2nd offense. Petitioner was sentenced to ten years under the Youthful Offender Act, plus costs and assessments totaling two hundred twenty-five dollars. Petitioner did not appeal his conviction or sentence.

On April 3, 2007, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. *Pickett v. State of South Carolina*, No. 07-CP-46-1024; (R. p. 14). Specifically, the Petitioner listed several grounds for relief, which are listed as follows:

1. Ineffective assistance of counsel;

2. Violation of Rights to Due Process;

3. Involuntary Guilty Plea;

4. Lack of subject matter jurisdiction;

5. Not informed of right to appeal.

On June 14, 2007, the Respondent filed a Return, and on January 22, 2008, Petitioner's appointed counsel filed an amended APCR. On February 13, 2008, an evidentiary hearing was held at which Petitioner was represented by Charles T. Brooks, III, Esquire. (R. pp. 35-55). On November 14, 2008, the PCR judge entered a written order denying the petition. (R. pp. 55-59).

Petitioner timely filed an appeal of the denial of his APCR. Petitioner was represented by Celia Robinson, Appellate Defender with the South Carolina Commission on Indigent Defense, who filed a *Johnson* petition requesting to relieved and raising the following issues:

1. Did the PCR judge err in denying relief despite trial counsel's ineffective assistance of counsel in that he failed to investigate the case, failed to craft or discuss a defense strategy with his client, and failed to share with this client the evidence provided in discovery so that appellant's guilty plea was not knowingly and voluntarily entered?

2. Did the PCR judge err in denying a belated appeal where petitioner did not waive his right to direct appeal knowingly or voluntarily but was denied the right to appeal by ineffective assistance of counsel?

On March 18, 2009, the South Carolina Supreme Court granted Counsel's request to be relieved, denied the Petition, and issued the Remittitur on April 3, 2009.

Petitioner filed his *pro se* habeas petition on June 10, 2009, in which he asserts the following grounds for relief:

**Ground One:** Ineffective Assistance of Counsel.

Supporting Facts**:** My attorney failed to investigate the case, failed to craft or discuss a defense strategy with me, and failed to share with me evidence provided in discovery to let me know my charge has been change[d] from conspiracy to traffic 500 grams of crack, to trafficking. And my counsel advised me not to go to my preliminary hearing because he said we do not need to get the case put out in the open.

**Ground Two:** Due Process of Law.

Supporting Facts: The arrest warrant has been change[d]. The (York County) Solicitor's Office failed to indict me within 90 days. I also bonded out of jail on a conspiracy charge where two other people were involved, but I'm the only one doing time for it.

**Ground Three:** Involuntary Guilty Plea.

Supporting Facts: I did not understand what I plead [sic] to because no one inform[ed] me that the charge has been changed from conspiracy to actual trafficking.

**Ground Four:** Subject Matter Jurisdiction.

Supporting Facts: The state did not give me a lesser-included offense which the guilty plea was based on.

Respondent moved for Summary Judgment on July 27, 2009. Petitioner filed a response in opposition to Respondent's motion for summary judgment on August 26, 2009 and on September 21, 2009. The Magistrate Judge recommended to this Court that Respondent's Motion for Summary Judgment be granted and Petitioner's Habeas Corpus Petition be dismissed.

## STANDARD OF REVIEW

**A.     Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–24 (4th Cir. 1990).

**B.     Section 2254 Petitions**

The court may grant habeas relief with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). As "a determination of a factual issue made by a State court shall be presumed to be correct," Petitioner has "the burden of rebutting the presumption of

4

correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362 (2000).

C. **Magistrate Judge's R&R**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

## ANALYSIS

I. **Grounds One and Three of Petitioner's Habeas Corpus Petition**

In Ground One of his Petition, Petitioner claims that his plea counsel was ineffective for failing to investigate the case, failing to discuss a defense strategy with him, failing to share the evidence provided in discovery, and failing to let him know that his charge had been changed from conspiracy to traffic 500 grams of crack to trafficking. Petitioner also claims that his plea counsel failed to obtain Rule 6 chain of custody of the drugs. Petitioner claims that counsel misled him about information in his case and that had he known counsel was misleading him, he

5

would not have pled guilty and would have requested a trial. It appears that Petitioner's Ground Three claim of involuntary guilty plea is actually one of ineffective assistance of counsel (resulting in an involuntary guilty plea); therefore, both Grounds One and Three will be addressed in this section of the order.

Petitioner asserted claims of ineffective assistance of counsel and involuntary guilty plea in his APCR and during his PCR trial. The PCR judge analyzed the ineffective assistance of counsel claim in conjunction with Petitioner's claim of involuntary guilty plea and found that Petitioner failed to carry his burden of proving that his guilty plea was not entered freely and voluntary. The PCR judge made the following findings:

> Applicant's involuntary plea claim is, in essence, a claim of ineffective assistance of counsel, and it shall therefore be treated as such.
>
> Applicant testified he pled guilty because plea counsel told him to plead guilty. Applicant felt he was tricked into entering his plea. Applicant testified Plea Counsel informed Applicant of a video showing him committing the crime he pled to, but he testified he only saw a portion of the video.
>
> Applicant testified that Plea Counsel told him that Solicitor would recommend a ten (10) year sentence if he pled. Applicant pled and was so sentenced.
>
> Applicant testified he was supposed to receive discovery material provided by the State.
>
> Applicant testified the drugs which gave rise to his charges were contrived and the result of a scheme since the stepson, who was supposed to be a co-defendant, was never charged.
>
> Applicant testified Plea Counsel should have done more to investigate the case, but did not say what such investigation would entail or reveal.
>
> Plea Counsel testified that the case against Applicant was basically airtight. The subject drug transaction was in video, in color, of high quality, and clearly showed Applicant dealing with a large quantity of drugs. Based upon Plea Counsel's testimony, the quality of the video evidence against Applicant made it worthy of an Academy Award.

> Plea Counsel testified Applicant did in fact view the entire video. The Court finds his testimony to be more credible than that of Applicant, who testified he only saw a portion of the video and did not see himself with drugs in the video.
>
> Plea Counsel also advised Applicant of his right to appeal, and the trial judge covered Applicant's right to appeal at his plea hearing.
>
> R. pp. 55-59.

Based on the findings listed above, the PCR judge concluded that Petitioner had failed to carry his burden of proving his claims of ineffective assistance of counsel and involuntary guilty plea, and, therefore, dismissed Petitioner's APCR.

The Magistrate Judge found that the PCR judge properly applied Federal law to Petitioner's claim and did not make an unreasonable determination of the facts in light of the evidence at the PCR trial. The Magistrate Judge found that Petitioner has failed to establish that his plea counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984) and *Hill v. Lockhart*, 474 U.S. 52 (1985). The Magistrate Judge concluded that a review of the plea and PCR transcripts reveals that Petitioner knew exactly what he was pleading to and that, had Petitioner gone to trial, the government had an "airtight" case against him. In addition, the Magistrate Judge found that had he gone to trial, Petitioner was facing a 25 to 30 year sentence; however, instead, Petitioner pled guilty to a lesser trafficking charge and received a 10 year sentence. Therefore, the Magistrate Judge found that because the PCR court's rejection of Petitioner's ineffective assistance of counsel claim did not result in an unreasonable application of Federal law and was not based upon an unreasonable determination of facts in light of the state court record, Petitioner has failed to establish a habeas claim of ineffective assistance of counsel. *See* 28 U.S.C. § 2254(d)(1) & (2).

Petitioner does not specifically object to the Magistrate Judge's recommendation with respect to Petitioner's ineffective assistance and involuntary guilty plea claims. Rather,

7

Petitioner generally objects to the Magistrate Judge's recommendation and then restates the facts of his claim of ineffective assistance of counsel and involuntary guilty plea as he has already laid out in both his petition for habeas corpus and in his memoranda in opposition to summary judgment. Petitioner reiterates the fact that he was confused about what charges the state had filed against him and that counsel never told him that he was charged not only with conspiracy to traffic crack but also trafficking. Petitioner reiterates that he was never provided with a Rule 6 chain of custody and that while counsel showed him the video evidence against him counsel never showed Petitioner the audio tape evidence against him. Petitioner claims, "the audio would support my claims that I plead [sic] guilty involuntarily . . . or the tapes would support my conviction." Pet'r Obj. p. 4.

The court finds Petitioner's objections to be without merit and finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by his counsel's deficient performance. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. In order to satisfy the second prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of a guilty plea, a petitioner must show "that there is a reasonable probability that, but for counsel's errors, he

would not have plead guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Additionally, as Petitioner's ineffective assistance of counsel and involuntary guilty plea claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d), as interpreted by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000).

In this case, the court need not address the issue of whether or not Petitioner's counsel's performance was objectively deficient, because Petitioner has failed to establish that he was prejudiced by his counsel's allegedly deficient performance. In other words, Petitioner has failed to show that there is a reasonable probability that he would not have pled guilty but for counsel's alleged deficient performance. As mentioned above, the plea judge explicitly put Petitioner on notice of the charges against him and the possible penalties. Petitioner represented that he was knowingly and voluntarily pleading guilty to the charges against him. For example, at the time of the plea, the judge stated to Petitioner, "you're charged today with trafficking crack cocaine in an amount between twenty-eight and one hundred grams second offense. This charge is classified as a felony. It carries a minimum sentence of seven years, a maximum sentence of thirty years and $50,000 fine." (R. p. 3). The Assistant Solicitor also stated at the beginning of the plea: "Standing before you is Ernest Pickett. He is entering a guilty plea to the charge of Trafficking Crack Cocaine in amount between twenty-eight and one hundred grams second offense. This is a lesser-included trafficking charge, indictment 2005-GS-46-1533. The recommendation in this case is for ten years." (R. p. 2). Then, the trial judge asked Petitioner "understanding the charge . . . how do you plead to this charge today" and Petitioner responded "plead guilty, your Honor." (R. p. 4). The trial judge ascertained that Petitioner understood the possible consequences in terms of the punishment/sentences he was facing, and Petitioner

acknowledged that he understood them.  A review of the transcript reveals no uncertainty about the effect of Petitioner's guilty plea or the possible sentences he was facing as a result.  Petitioner testified that he was pleading guilty of his own free will, and when asked if he was in fact guilty of "trafficking crack cocaine," Petitioner responded "yes, sir, I delivered it."  (R. p. 8).  When asked if his counsel has fully discussed the charge against him and the case, Petitioner responded "yes, sir."  (R. p. 6).  Petitioner also stated that his counsel told him the witnesses and evidence the state had available to present at trial and had discussed with him any possible legal defences. (R. p. 7).

The court agrees with the PCR and Magistrate Judges' finding that the evidence against Petitioner was overwhelming and that Petitioner has provided no evidence of how his counsel "tricked" him into pleading guilty.  The entire drug transaction was caught on a high quality video that clearly showed Petitioner delivering drugs.  The PCR court found that counsel's testimony that he showed Petitioner the entire video was credible.  Petitioner pled to a lesser included offense of trafficking 28-100 grams of crack cocaine instead of trafficking over 400 grams of crack cocaine as originally indicted.  Petitioner entered a plea and received ten years when he originally faced the possibility of a twenty-five to thirty year sentence if convicted by a jury.

Therefore, after reviewing the entire record, the court finds Petitioner's objections to be without merit.  The court agrees with the Magistrate Judge's finding that because the PCR court's rejection of Petitioner's ineffective assistance of counsel and involuntary guilty plea claim did not result in an unreasonable application of Federal law and was not based upon an unreasonable determination of facts in light of the state court record, Petitioner has failed to

establish a habeas claim of ineffective assistance of counsel. *See* 28 U.S.C. § 2254(d)(1) & (2). Accordingly, the court adopts the R&R and fully incorporates it into this Order.

**II.     Grounds Two and Four of Petitioner's Habeas Corpus Petition**

In Ground Two of his petition, Petitioner claims that his Due Process rights were violated because his arrest warrant was changed and because the Solicitor's Office failed to indict him within 90 days. However, the Magistrate Judge found this claim to be procedurally barred from review. Petitioner does not object to the Magistrate Judge's finding that Ground Two of his petition is procedurally barred. After reviewing the record, the Court finds that the Magistrate Judge properly found Petitioner's Ground Two claim to be procedurally barred. Petitioner did not present any evidence of this claim at his PCR trial and the PCR judge did not analyze this claim in his PCR order. In the PCR order, the judge explains "Applicant alleges he was denied due process of law. Applicant presented no evidence on this issue at his hearing and is thus not addressed herein." (R. p. 56). Therefore, because the PCR order did not address this issue and because Petitioner failed to file a Rule 59(e) motion to preserve for review any issues not ruled upon by the court in its order, the court finds that Petitioner's Ground Two claim is procedurally barred from review. *See Al-Shabazz v. State,* 527 S.E.2d 742, 747 (S.C. 2000).

In Ground Four of his petition, Petitioner argues that the state did not have subject matter jurisdiction because "the state did not give me a lesser included offense which the guilty plea was based on." The Magistrate Judge found this claim to be without merit and found that state jurisdiction is a state law question that is not cognizable in a federal habeas case. Petitioner does not object to the Magistrate Judge's finding with respect to Ground Four of his claim. The court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law and adopts and incorporates the R&R into this Order. Further, the court finds

that this issue is also procedurally barred from review. Petitioner did not present any evidence of this claim at his PCR trial and the PCR judge did not analyze this claim in his PCR order. In the PCR order, the judge explains "Applicant alleges that the trial court lacked subject matter jurisdiction. Applicant presented no evidence on this issue at his hearing and is thus not addressed herein." (R. p. 58). Therefore, because the PCR court order did not address this issue and because Petitioner failed to file a Rule 59(e) motion to preserve for review any issues not ruled upon by the court in its order, the court finds that Petitioner's Ground Four claim is also procedurally barred from review. *See Al-Shabazz v. State,* 527 S.E.2d 742, 747 (S.C. 2000).

### III.    Certificate of Appealability

On December 1, 2009, the Rules Governing Section 2254 Cases in the United States District Courts were amended to require a District Court to issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th. Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Respondent's motion for summary judgment is **GRANTED** and a certificate of appealability is **DENIED.**

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**February 22, 2010**
**Charleston, SC**